**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bert J. Martinez,  )  <br>             Plaintiff,  )  <br>vs.  )  <br>Mike Ballas, et al.,  )  <br>             Defendants.  )  <br>_____ ) | CIV 04-785-PHX-RGS  <br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Amended Complaint for lack of subject matter jurisdiction (Doc. #10). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

## BACKGROUND

On January 31, 2005, Plaintiff, appearing *pro se*, filed an Amended Complaint alleging claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, and other state law claims. The TCPA prohibits the use of any telephone facsimile machine to send an unsolicited advertisement to another telephone facsimile machine. In his Amended Complaint, Plaintiff generally alleges that Defendants sent unsolicited telephone facsimiles to his personal fax machine. Plaintiff also states that he has received an additional right of recovery through an assignment of claims by several parties. In his Amended Complaint, Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Defendants subsequently filed a Motion to Dismiss Amended Complaint for lack of subject matter jurisdiction arguing (1) that the TCPA vests exclusive jurisdiction with the state

1  courts, and (2) that by failing to allege both Plaintiff's and the assignors' citizenship and by
2  failing to assert each Defendants' state of incorporation and principal place of business, the
3  Amended Complaint does not allege jurisdiction based on diversity.  Plaintiff then filed a
4  conclusory response to Defendants' Motion asserting for the first time that the Court has
5  diversity jurisdiction.  The parties filed supplemental briefing on the issue of diversity
6  jurisdiction pursuant to 28 U.S.C. § 1332.

**DISCUSSION**

8  A court must construe a pro se litigant's pleadings and papers liberally.  See Haines v.
9  Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, a pro se litigant is held to the same legal
10 standard.  See id. 404 U.S. at 520-21.

11 Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction
12 in a particular case unless the contrary affirmatively appears."  Stock West, Inc. v. Confederated
13 Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  Thus, when a defendant brings a motion to dismiss
14 for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), the plaintiff bears the
15 burden of establishing jurisdiction.  See Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377
16 (1994).

17 A Rule 12(b)(1) motion for dismissal for lack of subject matter jurisdiction "may ...
18 attack the allegations of the complaint or ... [attack] the existence of subject matter jurisdiction
19 in fact."  Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.
20 1979).  Where the law is clear or where a plaintiff fails to allege an essential element, dismissal
21 of plaintiff's case is permitted for lack of subject matter jurisdiction.  See Republic of Phil. v.
22 Marcos, 818 F.2d 1473, 1478 (9th Cir. 1987).

23 Plaintiff's Amended Complaint asserts a federal cause of action based on the TCPA,
24 which fails to provide an independent basis for federal jurisdiction.  See Murphey v. Lanier, 204
25 F.3d 911, 915 (9th Cir. 2000) ("state courts have exclusive jurisdiction over a cause of action
26 created by ... the [TCPA]") (quotations and citations omitted).  Therefore, in order for the Court
27 to have jurisdiction over Plaintiff's claims, jurisdiction must be predicated on another
28

independent source. In this case, Plaintiff alleges in his Response to Defendants' Motion to Dismiss that the Court has diversity jurisdiction.

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show (1) complete diversity among opposing parties, and (2) an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1); Montrose Chemical Corp. of California v. American Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir. 1997). The citizenship of an individual is determined by his or her domicile. See, e.g., Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993) (citing Gilbert v. David, 235 U.S. 561, 569 (1915)). Finally, a claim may not be dismissed for failing to comply with the amount in controversy requirement unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount ... ." Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

Plaintiff states in his Response and supplemental briefing that both he and the assignors are citizens of Arizona with their principle place of business in Arizona. Plaintiff further alleges in his pleadings that all of the Defendants are citizens of Texas with their principle place of business in Texas. Plaintiff asserts that he is seeking to recover millions of dollars in damages.

Liberally construed, the allegations in Plaintiff's Amended Complaint coupled with Plaintiff's Response and supplemental briefing are insufficient to establish diversity jurisdiction. In a diversity case, "an allegation that a corporation is a citizen of a state is insufficient without an allegation as to the state in which it is incorporated and that state in which it has its principal place of business." Veeck v. Commodity Enterprises, Inc., 487 F.2d 423, 426 (9th Cir. 1973); see also Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1190 (9th Cir. 1970) ("[f]ailure to make proper and complete allegations of diversity jurisdiction relegates a litigant to the jurisdictional purgatory ... "). In this case, Plaintiff's allegations are insufficient as Plaintiff merely states that all Defendants are citizens of Texas with their principle place of business in Texas. See Fifty Associates, 446 F.2d at 1190 (allegation that party was a "New Jersey

1  corporation and a citizen of the State of New Jersey with its principal place of business in said
2  state" held insufficient since averment did not specifically set forth which state was state of
3  incorporation). Furthermore, Plaintiff has failed to properly allege the citizenship of the
4  assignors – Liberty Property Damage, Inc., Amcor Carpets & Interior, Lunchclub.net.

5  In light of the foregoing, the Court presently lacks jurisdiction to review Plaintiff's
6  claims. Accordingly, the Court will grant Defendants' Motion to Dismiss Amended Complaint
7  for lack of subject matter jurisdiction.

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #10) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is dismissed without prejudice.

DATED this 31st day of August, 2006.

_____
Roger G. Strand
Senior United States District Judge